**HOLY TEMPLE HOMES, LTD.,**
**et al., Appellants,**

**v.**

**Prescilla WEST, Respondent.**

**No. WD 44141.**

Missouri Court of Appeals,
Western District.

June 25, 1991.

James W. Tippin, Kansas City, for appellants.

Jeffrey Williams, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

FENNER, Judge.

Appellants are the owners of certain premises that they rented to respondent, Prescilla West. Appellant, Holy Temple Homes, Ltd., is a limited partnership and appellants Holy Temple Homes, Incorporated, Robert L. Hughes, Sr., and Walden Investments Corporation are general partners in the business. Appellants are appealing an order of the trial court which quashed an execution for possession of the premises occupied by respondent.

This action began when appellants initiated a Landlord's Complaint against respondent in the Circuit Court of Jackson County in the division of the Honorable Leonard S. Hughes, III, Associate Circuit Judge. The cause proceeded to trial, at the conclusion of which, judgment was entered in favor of appellants and against respondent in the amount of $174.00 for rent, plus costs, and possession of the premises in question. Judgment was entered on September 26, 1990. Later in the day, on the same day that judgment was entered, respondent's counsel delivered to appellants' counsel at appellants' counsel's office payment of the judgment for rent plus the court costs. No appeal from the judgment was taken.

On October 10, 1990, appellants filed a Request for Execution to obtain possession of the premises. On October 17, 1990, respondent filed a Motion to Quash execution which Motion was sustained by the trial court on November 20, 1990. It is this order quashing execution that appellants now appeal.

■ As a preliminary matter, respondent argues that this appeal should be dismissed because an appeal under the circumstances here is de novo in the circuit court and not to the court of appeals.

Section 535.110, RSMo 1986, provides that applications for trials de novo and appeals in landlord-tenant actions are allowed in the manner provided in Chapter 512, RSMo.[1]

Appeal from a final judgment of an associate circuit judge in a civil case tried without a jury where the damages claimed are less than five thousand dollars are de novo, unless the associate circuit judge is sitting in the probate division or the case has been assigned to the associate circuit judge under the procedures applicable before circuit judges. § 512.180.1. In other contested civil cases tried before an associate circuit judge appeal is to the appropriate appellate court. § 512.180.2.

The statutes relating to appeals from cases tried before associate circuit judges do not specifically address appeals from orders after final judgment such as an order pursuant to a motion to quash execution. However, Section 512.020, relating to appeals to the appellate court, does provide in pertinent part, that any special order after final judgment in a cause is appealable to the appellate court unless prohibited by the constitution or clearly limited in special statutory proceedings.

■ Orders in special proceedings attacking or aiding enforcement of a judgment, such as orders in relation to a motion to quash execution on a judgment, are appealable special orders within the language of § 512.020. *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo.App.1956); *McFadden v. Hartman*, 677 S.W.2d 948, 949 (Mo.App. 1984).

Respondent's application for dismissal of this appeal is denied.

■ In their sole point on appeal, appellants argue that the trial court erred in granting respondent's motion to quash execution because no appeal was taken from the court's judgment, the judgment was final and the judgment entitled appellants to possession of the premises. Respondent argues in this regard that her payment of the judgment after it was entered, but on the same day, stayed any further action on the judgment other than appeal.

**1.** All statutory references are to RSMo 1986 unless otherwise specifically stated.

The answer to this dispute turns on the interpretation of § 535.160, which statute provides as follows:

If the defendant, on the date judgment is given in any action under this chapter, either tender to the landlord, or bring into the court where the suit is pending, all the rent then in arrears, and all the costs, all further proceedings in the action shall cease and be stayed; provided, however, that the landlord shall not thereby be precluded from making application for appeal from such judgment.

Appellants argue that to come within the terms of § 535.160, tender of payment must be made while the cause is pending and that once a judgment is entered, the cause is no longer pending. In other words appellants argue that § 535.160 should be interpreted to require that payment must be tendered before judgment is entered.

The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). Where a statute's language is clear and unambiguous, there is no room for construction. *Id.* In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Id.*

By the clear language of § 535.160, tender of payment at any time on the day judgment is entered, which in plain terms includes on the day judgment is entered, but after entry of judgment, stays further proceedings except for appeal. The reference in § 535.160 to the court where the suit is pending merely speaks to an alternative location to make payment as opposed to making payment directly to the landlord.

Furthermore, the legislature amended § 535.160 in 1983 eliminating the previous requirement under the statute directing that for stay of the proceedings payment was to be made before judgment was entered. *See*, § 535.160, RSMo 1978. This legislative change brings into consideration the rule that a legislative change should not be construed so as to accomplish nothing and render it a useless act, unless no other interpretation is possible. *Kilbane v. Director of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976).

Respondent here tendered payment of the rent and court costs pursuant to the judgment against her on the same day that the judgment was entered. Therefore, appellants were not entitled to take any further action to execute on the judgment. The trial court did not err by quashing execution.

The order of the trial court is affirmed.

All concur.