v.

**Anthony PEELER, Defendant/Appellant.**

**No. 72746.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 19, 1998.

---

Bradley R. Marshall, Marshall Law Offices, Seattle, Stephen M. Ryals, Ryals, Soffer & Ryals, P.C., Clayton, for Appellant.

Mary Coffey, Coffey and Griesbach, St. Louis, for Respondent.

SIMON, Judge.

Anthony Peeler, defendant, appeals from the trial court's denial of his motion for the assessment of his costs against plaintiff, A.L., when plaintiff's action for damages for an alleged assault was dismissed without prejudice with each party to bear their own costs. On appeal, defendant essentially contends that the trial court did not have discretion to

apportion costs upon plaintiff's voluntary dismissal, and he was entitled to collect his costs from the plaintiff pursuant to Section 514.170 RSMo 1994 (all further references shall be to RSMo 1994 unless indicated otherwise) and Rule 77.04. We dismiss defendant's appeal for lack of jurisdiction.

On or about May 27, 1994, plaintiff filed a civil action in the Circuit Court of the City of St. Louis for damages based on an alleged assault by defendant. On March 19, 1996, plaintiff filed her first amended petition, alleging assault, battery, and false imprisonment by defendant and seeking compensatory and punitive damages. Plaintiff's initial petition is not part of the record on appeal. Subsequently, trial was set for April 28, 1997.

On April 28, 1997, both counsel met in chambers before trial. A transcript of that proceeding is not part of the record on appeal. Plaintiff filed a motion for change of venue based on her allegations that defendant's counsel appeared the previous day on an area radio talk show and discussed the case in the context of race and gender relations. Defendant's counsel denies the allegations. The trial court denied the motion. Plaintiff then requested that the trial court dismiss her cause of action without prejudice with each party bearing their own costs. Later that day, the trial judge signed a memorandum providing, in pertinent part:

### MEMORANDUM FOR CLERK

On Plaintiff's motion, cause dismissed without prejudice, each party to bear their own costs.

On May 7, 1997, defendant filed a motion for taxable costs, which requested taxable costs pursuant to Section 514.150 and Rule 67.02. On May 21, 1997, a hearing was held on defendant's motion. Later that day, the trial court issued an order providing, in pertinent part:

### ORDER

The Court denies Defendant[']s Motion for Taxable Costs. This Court did grant the dismissal requested by Plaintiff's counsel pursuant to Rule 67.02(b) because of the pretrial publicity (a radio talk show in which uncomplimentary racial and gender issues were raised) and the proximity of the publicity to the trial date (one day before trial).

The memo entered with the Court on the day of dismissal specifically states ". . . , each party to bear their own costs." Further the order is signed "So ordered," and is signed by the judge.

On June 2, 1997, defendant filed his motion for reconsideration of the denial of his motion to tax his costs against plaintiff. On June 11, 1997, a telephone conference was held between the trial judge and parties. Later that day, the trial judge signed a memorandum providing, in pertinent part:

### MEMORANDUM FOR CLERK

Conference call held parties are represented by their attorneys and Defendant's Motion for Taxable Costs on reconsideration is denied.

On June 13, 1997, defendant filed his notice of appeal and attached copies of the trial court's order dated May 21, 1997 and memorandum dated June 11, 1997. The parties do not dispute that plaintiff has filed another action in St. Louis County although the record does not so reflect.

■ Our initial concern in addressing this appeal is our jurisdiction. The right of appeal is statutory. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo.banc 1997). The applicable statutory provision is Section 512.020, which provides:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or **from any final judgment in the case or from any special order after final judgment in the cause;** but a failure to appeal from any

action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case. (emphasis ours)

■ The general rule is that a dismissal without prejudice is not a final judgment and therefore, is not appealable. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo.banc 1997). However, there are exceptions to this rule. *Id.* A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. *Id.* An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *Id.* However, a dismissal without prejudice that a plaintiff may cure by filing another suit in the same form or plaintiff's chosen forum is not a final judgment from which an appeal may be taken. *Id.* at 4.

■ Here, the trial court's dismissal of plaintiff's cause of action without prejudice did not rule on the merits of plaintiff's cause of action nor did it preclude her from refiling it in the same forum, therefore, it is not a final judgment from which an appeal may be taken.

■ Further, none of the trial court's documents at issue are considered "judgments" pursuant to Rule 74.01, which provides, in pertinent part:

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

■ The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality but establishes a "bright line" test as to when a writing is a judgment. *Hughes*, 950 S.W.2d at 853. The written judgment must be signed by the judge and must be designated a "judgment." *Id.* Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. *Id.*

Here, a review of the court's memoranda dated April 28, 1997 and June 11, 1997 and order dated May 21, 1997 and their corresponding docket entries indicates that none of these documents are denominated as "judgments" pursuant to Rule 74.01(a).

■ Finally, neither the trial court's order dated May 21, 1997 nor the memorandum dated June 11, 1997 could be considered as appealable "special order[s] after final judgment in the cause" pursuant to Section 512.020. A special order, i.e. an after "judgment" order, on a motion for costs, may be considered an appealable special order within the meaning of Section 512.020. *Chaney v. Gray*, 898 S.W.2d 577, 583 (Mo.App.1995). The phrase "any special order after final judgment in the cause" refers to "the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." *Helton Const. Co., Inc. v. High Point Shopping Center, Inc.*, 838 S.W.2d 87, 91 (Mo.App.1992).

Here, the order dated May 21, 1997 and the memorandum dated June 11, 1997 did not follow a "final judgment in the cause" and therefore, are not appealable special orders pursuant to Section 512.020.

APPEAL DISMISSED.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.