**GUI, INC., d/b/a General Underwriters Insurance Agency, Respondent,**

v.

**Paul ADAMS, d/b/a Hickman Tow Appellant.**

**No. WD 55252.**

Missouri Court of Appeals, Western District.

Nov. 3, 1998.

516 ■

Michael L. Matula, Kansas City, MO, for appellant.

Roger D. Odneal, Kansas City, MO, for respondent.

Before RIEDERER, P.J., LOWENSTEIN and LAURA DENVIR STITH, JJ.

RIEDERER, Judge.

Paul Adams appeals from the trial court's order denying his motion to vacate a previous court order denying Appellant's motion to set aside a default judgment. As we find no jurisdiction to hear this appeal, we dismiss.

**Factual and Procedural Background**

Appellant was sued by Respondent for payment of insurance premiums. On June 19, 1996, the trial court entered a default judgment in favor of Respondent. Appellant timely filed a motion to set aside the default judgment on July 1, 1996. On September 18, 1996, the trial court sustained Appellant's

motion to set aside the default judgment, conditioned upon his payment of $200.00, within ten days, for Respondent's attorney's fees.[1] A check dated October 2, 1996, in the amount of $200.00 was received by Respondent's attorney post-marked October 3, 1996. The deadline for payment of the $200.00 was September 28, 1996. Appellant claims that he did not comply with the condition precedent because his attorney went out of town following the September 18, 1996 hearing and never provided him with the name and address of Respondent's counsel to remit payment, pursuant to the order. Appellant claims that he attempted to obtain the information several times before the deadline. However, Appellant's attorney did not provide him with the information until October 2, 1996, which was past the ten-day deadline.

On December 5, 1996, the trial court heard evidence and concluded that Appellant failed to meet the deadline imposed by the trial court. The trial court's docket entry for December 5 stated: "The Court determines that Defendant failed to comply with the condition precedent to setting aside the default judgment entered on June 19, 1996, and the judgment remains in full force and effect." On December 16, 1996, the trial court entered an order which stated that Appellant's motion to set aside default judgment was deemed denied as of September 28, 1996, for failure to comply with the condition precedent. In August of 1997, a judgment of garnishment for $197.40 was entered against Appellant. Appellant retained new counsel. Appellant's new counsel gathered affidavits which Appellant claims show that it was not Appellant's fault that he missed the ten-day deadline. On November 12, 1997, Appellant filed a motion to vacate the December 16, 1996 order denying his motion to set aside the default judgment. On December 5, 1997, the trial court issued an order stating that it was without jurisdiction to grant the relief requested by Appellant and denied the motion. This appeal was taken from the December 5, 1997 order.

---

1. Rule 74.05 ("Entry of Default Judgment") provides in subsection (d) that "an order setting aside . . . a default judgment may be conditioned

on such terms as are just, including a requirement that the party in default pay reasonable attorneys fees . . ."

## Discussion

Appellant claims in his sole point on appeal that the trial court erred in ruling on December 5, 1997 that it did not have jurisdiction to grant Appellant the relief he sought, to wit, vacating the December 16, 1996 order denying Appellant's motion to set aside the default judgment. Appellant argues that Rule 74.06(c) gave the trial court jurisdiction, since the order Appellant sought to vacate was not more than a year old.

Before reaching the merits of Appellant's claim, we must, *sua sponte*, determine whether we have jurisdiction to hear this appeal. *Gerlach v. Missouri Commission on Human Rights*, 955 S.W.2d 809, 810 (Mo. App.1997).

Appellant does not claim that the December 5, 1997 order constituted a final judgment, but rather, claims that the December 5 order is a "special order" under § 512.020.[2] Therefore, we must first examine whether the December 5 order is, in fact, a "special order" under § 512.020. If the December 5 order is a "special order" under § 512.020, then we must decide whether the trial court properly ruled that it had no jurisdiction to grant Appellant's motion to set aside the December 16 order. If however, the December 5 order is not a "special order," then this court is without jurisdiction and the appeal must be dismissed.

Section 512.020 provides, with exceptions not applicable here, "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause" may appeal "from any final judgment in the case or from any special order after judgment in the cause ..." Appellant argues that the order entered by the trial court on December 5, 1997, is a "special order after judgment in the cause." We disagree.

The phrase "any special order after final judgment in the cause" refers to "the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." *Helton Const. v. High Point Shopping Center*, 838 S.W.2d 87, 91 (Mo.App. 1992) (citing, *Wehrs v. Sullivan*, 187 S.W.

825, 826–27 (Mo.1916)); *see also City of Caruthersville v. Cantrell*, 241 S.W.2d 790, 791 (Mo.App.1951). The phrase "any special order after final judgment" therefore contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment.

Appellant argues that "[h]ere, the order being appealed is a post-judgment order concerning a motion attacking the judgment, and, as such is appealable," citing *Holy Temple Homes, Ltd. v. West*, 812 S.W.2d 202, 203 (Mo.App.1991). However, Appellant has misread *Holy Temple Homes* which provided: "Orders in special proceedings attacking or aiding enforcement of a judgment, such as orders in relation to a motion to quash execution on a judgment, are appealable special orders within the language of Section 512.020." *Id.* (emphasis added).

The court in *Helton* provided a list of examples of such special orders: "an order overruling a motion to quash an execution, an order reviving a judgment and lien after the judgment creditor obtained a writ of scire facias pursuant to Rule 74.36, and a final judgment entered in a garnishment action. A final judgment in a garnishment action includes an order sustaining a motion to quash the garnishment. An order denying a motion to quash a garnishment is not a final judgment." 838 S.W.2d 87 at 91–92 (citations omitted). The case law makes it clear that a "special order" arises only when a party seeks to enforce a final order or seeks to prevent the enforcement of a final order.

In this case, Appellant is not seeking to enforce a final order, nor is he seeking to attack or prevent the enforcement of a final order. Rather, he is seeking to attack or set aside the underlying order, which in this case is a default order. The December 5, 1997 order is not an appealable order under § 512.020. This court is without jurisdiction. Therefore, we dismiss this appeal.

All concur.

---

2. All statutory references are to RSMo 1994, unless otherwise indicated.