STATE of Missouri ex rel., Charles D. WESTMORELAND, Relator,

v.

The Honorable John M. O'BANNON, Respondent.

No. WD 61279.

Missouri Court of Appeals, Western District.

Oct. 22, 2002.

**32**

Richard A. Koehler, Butler, MO, for relator[s].

Diana D. Thomas, Butler, MO, for respondent[s].

Before NEWTON, P.J., BRECKENRIDGE and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

Relator Charles D. Westmoreland filed a petition for a writ of prohibition in this court, seeking to prohibit Respondent, the Honorable John M. O'Bannon, from enforcing the provisions of the judgment in the dissolution proceedings of Mr. Westmoreland and Susan Marie Westmoreland. Mr. Westmoreland claims that the dissolution judgment is void because the court lacked personal jurisdiction over him since he was improperly served with process. Specifically, Mr. Westmoreland asserts that there was no request in writing by Susan Westmoreland to receive the summons and to be responsible for its prompt service, as required by the version of Rule 54.01 in effect in 1999 when service was made,[1] and, as a result, the judgment is void for lack of jurisdiction under the holding of *Worley v. Worley,* 19 S.W.3d 127, 129–30 (Mo. banc 2000). The issue of the validity of the judgment of dissolution, raised by Mr. Westmoreland in his petition for writ of prohibition, was adjudicated by Judge O'Bannon when he denied Mr. Westmoreland's motion to set aside the dissolution judgment. Because Judge O'Bannon's order refusing to set aside the dissolution judgment is a special order entered after final judgment in the cause and, as such, is appealable, adequate relief could be afforded to Mr. Westmoreland by an appeal, and an original remedial writ should not issue. This court's preliminary writ of prohibition, dated May 2, 2002, was improvidently granted, and the preliminary writ is ordered quashed and the re-

---

1. The version of Rule 54.01 in effect in 1999 stated:

   Upon the filing of a pleading requiring service of process, the clerk shall forthwith issue the required summons or other process and, unless otherwise provided, deliver it for service to the sheriff or other person specially appointed to serve it. If requested in writing by the party whose pleading requires service of process, the clerk shall deliver the summons or other process to such party who shall then be responsible for promptly serving it with a copy of the pleading. Upon written request of such party, separate or additional summons and other process shall be issued.

quest for a permanent writ of prohibition is denied.

## Factual and Procedural Background

Mr. Westmoreland and Susan Marie Westmoreland were married in 1990. Susan Westmoreland filed a petition for the dissolution of this marriage in the Circuit Court of Bates County, on January 12, 1999. On the first page of the petition, there were "Service Instructions" that the petition was to be served by a special process server. Nevertheless, three days later, the clerk of the circuit court issued a summons for service on Mr. Westmoreland, which was taken to be served by Debra Hopkins, attorney for Susan Westmoreland. There was no request in writing by Susan Westmoreland that the clerk deliver the summons to her or her attorney or a written statement that she would be responsible for service. The summons was returned with the return of service executed by Mick Davidson, indicating that he personally served the summons for the petition of dissolution on Charles D. Westmoreland in Bates County, Missouri. In addition, an affidavit of Mr. Davidson was filed, wherein he stated that he personally served Mr. Westmoreland at Route 2, Box 80, Butler.

On March 4, 1999, counsel for Susan Westmoreland filed a notice that a hearing on the petition for dissolution was set on March 12, 1999, at 11:00 a.m. The notice included a certificate of service that the notice was sent to Mr. Westmoreland by regular mail. On March 12, Susan Westmoreland and her attorney appeared for the hearing, but Mr. Westmoreland did not appear and was found to be in default. After hearing Susan Westmoreland's evidence, Judge O'Bannon entered judgment, dissolving the marriage, dividing the party's real and personal property, and apportioning the marital debt. Subsequent to the entry of the judgment of dissolution, Mr. Westmoreland remarried and had a child with his new wife.

At the end of 2001, Susan Westmoreland filed a motion for contempt, alleging that Mr. Westmoreland had failed to pay the debts apportioned to him in the dissolution judgment. On March 15, 2002, Mr. Westmoreland filed a motion to quash the motion for contempt and to set aside the dissolution judgment. In this motion, Mr. Westmoreland claimed he had been improperly served because Mr. Davidson was not "the sheriff or other person specially appointed to serve" and Susan Westmoreland had not requested in writing to serve the pleading, as required by Rule 54.01. Thus, he argued the court lacked personal jurisdiction over him when it entered the dissolution judgment.

On March 29, 2002, Judge O'Bannon held a hearing on Mr. Westmoreland's motion to quash the motion for contempt and to set aside the dissolution decree. Judge O'Bannon denied Mr. Westmoreland's motion because:

It is clear in this case as presented, [Mr. Westmoreland] has relied on the dissolution judgment entered by remarriage, fathering a child, and waiting a substantial period of time to challenge the judgment only after the terms of the judgment were sought to be enforced. There was real property set aside to [Susan Westmoreland] in the judgment without complaint or action by [Mr. Westmoreland] until [Susan Westmoreland] sought to enforce orders in the judgment for indemnification and payment of debt. [Susan Westmoreland] also sold real property with reliance on the judgment.

On April 11, 2002, Mr. Westmoreland filed a writ of prohibition with this court seeking to preclude Judge O'Bannon from going forward with a hearing on the mo-

tion for contempt and from enforcing the dissolution judgment. Mr. Westmoreland claims that because the petition for dissolution was not properly served on him, the court had no personal jurisdiction over him and the judgment was void. This court issued a preliminary writ of prohibition on May 2, 2002.

### Denial of Motion to Set Aside Judgment is an Appealable Judgment

Before reaching the merits of Mr. Westmoreland's petition for writ of prohibition, this court considers whether the extraordinary remedial writ of prohibition is proper in the circumstances of this case. "Prohibition is a powerful writ, divesting the body against whom it is directed to cease further activities." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n,* 969 S.W.2d 218, 221 (Mo. banc 1998). As such, the Supreme Court has limited its application to "three, fairly rare, categories of cases." *Id.* One of the categories in which writs of prohibition are proper is "where a judicial or quasi-judicial body lacks personal jurisdiction over a party." *Id.*

Nevertheless, "[n]o original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal[.]" Rule 84.22. The right to appeal is statutory, *Hatfield v. Cristopher,* 841 S.W.2d 761, 764 (Mo.App.1992), and one of the instances where the statutes grant a party the right to appeal is "from any special order after final judgment in the cause." Section 512.020, RSMo 2000. "The phrase 'any special order after final judgment in the

cause' refers to 'the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.'" *GUI, Inc. v. Adams,* 978 S.W.2d 515, 517 (Mo.App.1998) (quoting *Helton Constr. Co. v. High Point Shopping Center, Inc.,* 838 S.W.2d 87, 91 (Mo.App.1992)). The phrase "contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment." *Id.*

The Supreme Court addressed whether a trial court's denial of a party's motion to set aside a judgment was an appealable judgment in *Worley,* 19 S.W.3d at 129. In *Worley,* the ex-wife filed a motion to quash service, requesting that a default judgment modifying the parties' prior judgment of dissolution be declared null and void because she was "never properly served with process." *Id.* at 128. The trial court denied her motion to quash service and to set aside the judgment, and the ex-wife appealed. *Id.* Before reaching the merits of her claim of improper service, the Court considered whether the trial court's order refusing to set aside the default judgment of modification was an appealable judgment and found that it was. *Id.* at 129. Specifically, the Court held that "[a] trial court order denying a motion to quash service and refusing to set aside the trial court's judgment is an 'order in a special proceeding that attack[s] the enforcement of a judgment. As such it is appealable as a "special order after final judgment in the cause."'" *Id.* (quoting *State ex rel. Houston v. Malen,* 864 S.W.2d 427, 428 n. 1 (Mo.App.1993)).[2]

---

**2.** The decision appealed in *GUI, Inc. v. Adams,* 978 S.W.2d at 517, an order denying the appellant's motion to set aside a default judgment, was found not to be a "special order after judgment in the cause" since the

motion denied was not seeking to enforce a final order or seeking to attack or prevent the enforcement of a final order. As a result, the appeal was dismissed. *Id.* That holding is questionable in light of the Supreme Court's

■ Here, the marriage between Susan Westmoreland and Mr. Westmoreland was dissolved by the judgment entered on March 12, 1999. Susan Westmoreland's motion for contempt was clearly an attempt to enforce the dissolution judgment against Mr. Westmoreland. In response, Mr. Westmoreland moved to quash the motion for contempt and set aside the dissolution judgment. Thus, Mr. Westmoreland was trying to attack the dissolution judgment after it had become final and after Susan Westmoreland tried to enforce it. Judge O'Bannon, however, denied Mr. Westmoreland's motion attacking the enforcement of the dissolution judgment. As such, Judge O'Bannon's order denying Mr. Westmoreland's motion to set aside the dissolution judgment was a "special order after final judgment." Because Mr. Westmoreland has the right to appeal Respondent's special order, he has no right to relief by way of a writ.

Mr. Westmoreland attempts to distinguish this case by arguing the law applicable to civil contempt. That law is inapplicable. The question raised by his petition for a writ of prohibition is whether the judgment of dissolution is null and void and unenforceable. That is the same issue as was resolved by Judge O'Bannon's order denying Mr. Westmoreland's motion to set aside the dissolution decree. The fact that Susan Westmoreland's contempt motion has not been adjudicated does not preclude Mr. Westmoreland's appeal of the "order in a special proceeding that attack[s] the enforcement of a judgment," which is authorized by statute. *See* § 512.020, RSMo.[3]

Because this court holds that Mr. Westmoreland has no right to relief by way of a writ, we need not reach the merits of Mr. Westmoreland's argument. The preliminary writ of prohibition is quashed and the request for a permanent writ of prohibition is denied.

All concur.

---

ruling in *Worley*, 19 S.W.3d at 129, that an order denying a motion to set aside a trial court's judgment was an appealable judgment under the "special order after final judgment" provision of § 512.020, RSMo.

3. Section 512.020, RSMo 2000, reads:
Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or *from any special order after final judgment in the cause;* but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.
(Emphasis added).