Ronald and Patricia BASTA, as
heirs at law to Joseph
Basta, Appellants,

v.

KANSAS CITY POWER & LIGHT
COMPANY and Larry and Judy
Blankenship, Respondents.

No. WD 75929.

Missouri Court of Appeals,
Western District.

Oct. 8, 2013.

Michael P. Healy, Lee's Summit, MO, for Appellant.

Edwin H. Smith and R. Todd Ehlert, St. Joseph, MO, for Respondent, Kansas City Power & Light Company.

Jeffrey S. Nichols and Allison G. Confer, Kansas City, MO, for Respondents, Blankenship.

Before Division Two: THOMAS H. NEWTON, Presiding Judge, and KAREN KING MITCHELL and GARY D. WITT, Judges.

KAREN KING MITCHELL, Judge.

Appellants, Ronald and Patricia Basta, appeal an order of the trial court taxing costs against them after they voluntarily dismissed their lawsuit against Respondents, Kansas City Power & Light Company (KCP & L) and Larry and Judy Blankenship. Appellants contend that, because they have re-filed their claim, the trial court in the dismissed action lacked jurisdiction to tax costs. They further claim that, even if the trial court in the dismissed action had jurisdiction, it erred in taxing deposition costs because the court reporters responsible for those depositions failed to comply with Rule 57.03 [1] insofar as the required certificates were not timely filed. But because there is no appealable order or judgment from the trial court, we lack jurisdiction and must dismiss this appeal.

## Factual and Procedural Background

Appellants filed a wrongful death action against Respondents following the death of Appellants' son after he was electrocuted and fell from the Blankenships' roof while doing repair work. On January 10, 2012, Appellants voluntarily dismissed their suit, without prejudice, pursuant to Rule

---

1. All rule references are to Missouri Supreme Court Rules (2013), and all statutory references are to Missouri Revised Statutes (2000), as updated through the 2011 Cumulative Supplement, unless otherwise noted.

67.02(a).[2] The following day, the trial court entered a Judgment of Dismissal, wherein the court ordered the case dismissed without prejudice "with costs taxed against the Plaintiff(s)."[3]

On February 1, 2012, Respondents filed a Joint Bill of Costs, requesting that the circuit clerk "tax costs which Defendants incurred in this case against Plaintiffs pursuant to Rev. Mo. Stat. § 514.170."[4] On February 8, 2012, Appellants filed an Objection to Defendants' Bill of Costs, arguing that the trial court lacked jurisdiction as of the date of the voluntary dismissal and that the costs should not be allowed for various reasons, including that the certificates of deposition costs were insufficient.

On February 9, 2012, Appellants re-filed their wrongful death action in the same circuit court, against the same parties.

On February 27, 2012, Respondents filed a Joint Reply in Support of its Bill of Costs, arguing that the court retained limited jurisdiction over the ministerial act of taxing costs and that the certifications were proper. On March 29, 2012, Respondents submitted a Supplemental Bill of Costs, requesting that the circuit clerk tax the cost of an additional deposition against Appellants.

On April 2, 2012, the trial court entered an Order Overruling Plaintiffs' Jurisdictional Objection to Defendants' Bill of Costs and ordered a hearing to review the costs taxed by the circuit clerk. On May 1, 2012, in the re-filed action, Respondents filed a motion, pursuant to Rule 67.02(d) and section 514.180,[5] to stay the proceedings based upon Appellants' failure to pay the costs from the dismissed action. On May 31, 2012, the circuit clerk assessed costs from the dismissed action in the amount of $14,218.03.

On June 25, 2012, Appellants filed a motion, pursuant to Rule 77.05 and section 514.270,[6] to review the costs taxed by the circuit clerk, again arguing that the trial

2. Rule 67.02(a) provides, in pertinent part, that "a civil action may be dismissed by the plaintiff without order of the court anytime ... [p]rior to the swearing of the jury panel for the voir dire examination."

3. Although bearing the correct caption, the Judgment of Dismissal reflects a case number that does not appear to be associated in any way with the underlying cases at issue in this appeal. The parties appear to treat this as merely a typographical error; we will do the same.

4. Section 514.170 provides: "Upon the plaintiff dismissing his suit, ... the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law."

5. Rule 67.02(d) provides, in pertinent part: "If a plaintiff who has once dismissed a civil action in any court commences a civil action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed.... The court may stay the proceedings in the civil action until the plaintiff has complied with any such order."

Section 514.180 similarly provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the action previously dismissed and may stay the proceedings in the action until the plaintiff has complied with the order."

6. Rule 77.05 provides: "Any party, on motion, may have a bill of costs reviewed by the court in which the civil action was heard."

Section 514.270 similarly provides, in pertinent part: "Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had, and in such retaxation all errors shall be corrected by the court...."

court lacked jurisdiction and that the court reporter certificates were insufficient. On July 23, 2012, Respondents filed a Joint Response to Plaintiff's Motion to Review Costs, seeking a reduced amount of costs to a total of $11,951.80.

On July 24, 2012, the court ordered the circuit clerk to re-tax the deposition costs "based upon court reporter certifications." On August 16, 2012, the circuit clerk re-taxed costs at a total of $18,521.15. On September 10, 2012, Appellants filed a Motion to Re–Review Costs, again pursuant to Rule 77.05 and section 514.270, arguing that the trial court lacked jurisdiction and that the court reporter certificates were insufficient and untimely. Respondents filed a response on October 22, 2012; thereafter, on November 6, 2012, the trial court in the dismissed action entered an Order Taxing Costs Against Plaintiffs in a total amount of $11,831.80. It is from the November 6, 2012 Order that Appellants appeal.

## Analysis

Appellants advance a variety of arguments as to why the trial court's order was erroneous. But before we can consider the merits of Appellants' claims, we must address Respondent KCP & L's Motion to Dismiss for the Lack of a Final and Appealable Judgment.

■ "A final judgment is a prerequisite to appellate review." *Ndegwa v. KSSO, LLC,* 371 S.W.3d 798, 801 (Mo. banc 2012). "If the circuit court's judgment was not a final judgment, then the appeal must be dismissed." *Id.*

KCP & L argues that the trial court's November 6, 2012 Order is not a final

appealable judgment because it does not comply with Rule 74.01's mandate that it be denominated a "judgment," and, alternatively, because it fails to dispose of a "judicial unit." [7] KCP & L relies on section 512.020 and *Blechle v. Goodyear Tire & Rubber Co.,* 28 S.W.3d 484 (Mo.App. E.D.2000), in support of its motion.

■ "The right to appeal is statutory...." *State ex rel. Westmoreland v. O'Bannon,* 87 S.W.3d 31, 34 (Mo.App. W.D.2002). Section 512.020(5) provides, in pertinent part:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any ... [f]inal judgment in the case or from any special order after final judgment in the cause.

■ A final appealable judgment is "a writing signed by the judge and denominated 'judgment' or 'decree,'" Rule 74.01(a), that "resolves all issues in a case, leaving nothing for future determination." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997).

■ Here, the November 6, 2012 Order is not denominated either a "judgment" or a "decree." Furthermore, it does not even purport to resolve all issues in the case. Thus, the Order does not constitute a final "judgment" for purposes of appeal.

■ Section 512.020 does not, however, restrict the right to appeal to only final judgments. The statute also allows for

---

7. "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997) (quoting *State ex rel. State Hwy. Comm'n v. Smith,* 303 S.W.2d 120, 123 (Mo.1957)).

appeals from "any special order after final judgment in the cause." " 'The phrase "any special order after final judgment in the cause" refers to "the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." ' " *Westmoreland,* 87 S.W.3d at 34 (quoting *GUI, Inc. v. Adams,* 978 S.W.2d 515, 517 (Mo.App. W.D.1998)). "The phrase 'contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment.' " *Id.* (quoting *GUI,* 978 S.W.2d at 517).

 Although "[a]n after[-]judgment order on a motion for costs is an appealable special order within the meaning of § 512.020," *Chaney v. Gray,* 898 S.W.2d 577, 583 (Mo.App. W.D.1995), it constitutes a "special order" under section 512.020(5) only if the judgment it follows is a *final* judgment. *A.L. v. Peeler,* 969 S.W.2d 262, 265 (Mo.App. E.D.1998). Where a postjudgment motion for costs follows a judgment that is not final for purposes of appeal, it does not constitute an "appealable special order[ ] pursuant to [s]ection 512.020." *Id.*

 Here, Respondents' Bill of Costs followed Appellants' voluntary dismissal, without prejudice, of their wrongful death lawsuit. "The general rule is that a dismissal without prejudice is not a final judgment and therefore, is not appealable." *Id.* And although the trial court entered a "judgment" dismissing the case, this denomination did not alter the effect of the dismissal, and thus did not render the dismissal appealable. "[A] dismissal without prejudice that a plaintiff may cure by filing another suit in the same for[u]m or plaintiff's chosen forum is not a final judgment from which an appeal may be taken," *id.,* regardless of how the order of dismissal is denominated.[8] "It is the content, substance, and effect of the order that determines finality and appealabilty." *Gibson,* 952 S.W.2d at 244.

In *Peeler,* the plaintiff filed an action for damages but later voluntarily dismissed the petition and asked the court to order that each party bear their own costs. *Peeler,* 969 S.W.2d at 264. The trial court signed a memorandum to the clerk, indicating that the plaintiff's cause of action was dismissed without prejudice and that each party was to "bear their own costs." *Id.* The defendant thereafter filed a motion for taxable costs pursuant to Rule 67.02. *Id.* The court entered an order denying the defendant's motion, and the defendant appealed. *Id.*

On appeal, the Eastern District dismissed the case, finding that there was no final appealable judgment. *Id.* at 265. The court first noted that "the trial court's dismissal of plaintiff's cause of action without prejudice did not rule on the merits of plaintiff's cause of action nor did it preclude her from refiling it in the same forum."[9] *Id.* Therefore, the court concluded, "it is not a final judgment from which an appeal may be taken." *Id.* The court then noted that none of the trial court's filings were denominated a "judgment" as required by Rule 74.01(a). *Id.*

The court then addressed the question of whether the trial court's rulings constituted a "special order after final judgment

---

**8.** It appears that the trial court's entry of a judgment dismissing the case was unnecessary to effect the dismissal. *See Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App. S.D. 2002) ("While no court order is required to effectuate the dismissal, the court may enter administrative orders such as those with regard to the assessment of costs.").

**9.** In fact, the plaintiff did re-file her claim in the same forum. *Peeler,* 969 S.W.2d at 264.

in the cause" pursuant to section 512.020. *Id.* And the court held that, while a post-judgment order on a motion for costs could constitute a "special order" under section 512.020, it could not be considered a special order under the facts of the case because the dismissal without prejudice was not a final judgment. *Id.* Thus, the court's order on the motion for costs "did not follow a 'final judgment in the cause'" as is required by section 512.020(5). *Id.* Consequently, the Eastern District dismissed the appeal. *Id.*

We find *Peeler* indistinguishable from the procedural posture of this case. The November 6, 2012 Order did not constitute a final judgment, nor did it follow a final judgment; thus, it cannot be considered a "special order after final judgment in the cause" for purposes of section 512.020(5). Appellants provide us with no other statutory authority granting them the right to appeal the trial court's order.[10] Thus, this appeal is dismissed.

### Conclusion

Because there is no final appealable judgment, we lack jurisdiction and dismiss this appeal.

THOMAS H. NEWTON, Presiding Judge, and GARY D. WITT, Judge, concur.

---

10. Although there is no final appealable judgment from a court's action on a motion to tax costs following a plaintiff's voluntary dismissal without prejudice, we do not believe that litigants in positions similar to Appellants in this case would be without a remedy, should they disagree with the court's action. Because the taxing of costs by the clerk and corresponding review by the trial court are purely ministerial duties, *see Fisher v. Spray Planes, Inc.*, 814 S.W.2d 628, 631–33 (Mo. App. E.D.1991), the failure to properly execute these duties could establish grounds for an extraordinary writ. *See State ex rel. City of Blue Springs, Missouri v. Schieber*, 343 S.W.3d 686, 688 (Mo.App. W.D.2011) (" 'The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform.' " (quoting *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006))).