Lisa White Hardwick, Judge
After Earnest Buckner's appointed counsel voluntarily dismissed without prejudice his pro se post-conviction motion for DNA testing, Buckner filed a motion setting out his objections to the dismissal, a request for new appointed counsel, a motion for release from custody, and a request for a status update on his case. Noting that the case had been voluntarily dismissed without prejudice, the court entered an order stating that the case was closed and denying all of Buckner's motions and requests. On appeal, Buckner *263 contends the court erred in closing the case and denying all of his motions and requests. Because there is no final appealable judgment in this case, we dismiss Buckner's appeal.
FACTUAL AND PROCEDURAL HISTORY
In 1993, Buckner was convicted of forcible sodomy and sentenced to thirty years in prison. We affirmed his conviction and sentences on direct appeal in State v. Buckner , 929 S.W.2d 795 (Mo. App. 1996). In the same opinion, we reversed the circuit court's grant of post-conviction relief. Id.
In March 2015, Buckner filed a post-conviction motion for DNA testing[1] pursuant to Section 547.035, RSMo 2016.[2] Section 547.035 allows a person in the custody of the Department of Corrections who claims that DNA testing will demonstrate his innocence to file a post-conviction motion seeking such testing. In his motion and suggestions, Buckner alleged that there was "saliva evidence" that could be tested because the victim reported that her assailant had orally sodomized her. Buckner requested DNA testing of the covering on the couch where the oral sodomy occurred, the swab of the victim's vaginal area, and the long underwear and underpants that the victim wore after the incident. Buckner alleged that the police collected these items, the prosecutor's office received the items from the police, neither he nor his attorney knew about the items, and DNA testing on the items would exonerate him.
In October 2015, the motion court found that Buckner's motion was substantially in compliance with Section 547.035 and ordered the State to show cause why the motion should not be granted. In November 2015, counsel from the Midwest Innocence Project entered their appearance on Buckner's behalf.
The State filed a response asserting that it had searched all available records electronically and physically and found that there was no evidence to be tested. The State averred that there were no reports to substantiate Buckner's claim that a rape kit was collected or that there was other physical evidence that could be DNA tested.
In September 2016, defense counsel filed a reply to the prosecutor's response. In her reply, defense counsel claimed that a letter from Buckner to the General Counsel for the Kansas City Police Department indicated that there was a "master file" in Buckner's case. Defense counsel stated that Buckner learned about the existence of the physical evidence from documents in the "master file." Defense counsel alleged that Buckner had hired an organization to review his case and to investigate the evidence, but the organization did not provide any services, and he was unable to get his documents from the "master file" back from the organization. Defense counsel stated that her review of Buckner's trial file provided no information on the "previously undisclosed evidence."
In November 2016, the motion court set the case for an evidentiary hearing on December 20, 2016. On December 8, 2016, however, defense counsel filed a voluntary *264 dismissal without prejudice of Buckner's post-conviction motion for DNA testing.
On December 19, 2016, Buckner filed a pleading titled, "Defendant's Objections to Court Appointed Counsel's Motion to Voluntarily Dismiss his 547.035 Motion, Proceeding, and Evidentiary Hearing with Request for a Hearing under Rule 75.01." In this pleading, Buckner complained about defense counsel's voluntarily dismissing his case without prejudice against his wishes. He asked that the court grant him: (1) time to reply to his counsel's voluntarily dismissing his case; (2) a hearing under Rule 75.01; and (3) new counsel. Along with his objections, Buckner filed a separate request for new appointed counsel, a motion for release from custody, and a request for a status update on his case.
On June 20, 2017, the motion court issued an "Order/Judgment" taking up all of Buckner's pending motions and requests. The court found that the last issue pending in Buckner's case was voluntarily dismissed on December 8, 2016. Therefore, the court found that the case was closed and ordered that all of Buckner's motions and requests be denied.
Buckner subsequently filed a request for reconsideration of all pro se motions and requests in his case and a motion to denominate the June 20, 2017 order as an appealable judgment. The motion court issued an order denying the motion for reconsideration and stating that its order from June 20, 2017 was denominated an "Order/Judgment." Buckner appeals.
ANALYSIS
Buckner raises five points on appeal. In Points I and III, he challenges the denial, without a hearing, of his objections to defense counsel's voluntarily dismissing his post-conviction motion for DNA testing. In Point II, he challenges the denial of his motion for new appointed counsel. In Point IV, Buckner alleges the court erred in closing his post-conviction motion for DNA testing without issuing findings of fact and conclusions of law. Lastly, in Point V, he alleges the court erred in denying his motion for release from custody.
Before we can reach the merits of Buckner's claims, we must address our authority to entertain the appeal. State v. Wright , 499 S.W.3d 361, 366 (Mo. App. 2016). "Barring statutory exception, an appeal can only be taken from a final judgment." Id. (citation omitted). Section 512.020(5) prescribes who may appeal and states, in relevant part:
Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any ... [f]inal judgment in the case or from any special order after final judgment in the cause[.]
A final judgment is "a writing signed by the judge and denominated 'judgment' or 'decree,' " Rule 74.01(a), and it " 'resolves all issues in a case, leaving nothing for future determination.' " Basta v. Kansas City Power & Light Co. , 410 S.W.3d 743, 746 (Mo. App. 2013) (quoting Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo. banc 1997) ). Because " '[a] final judgment is a prerequisite to appellate review,' " we have a duty to determine, sua sponte , whether there is a final judgment in a case. Wright , 499 S.W.3d at 366 (quoting Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801 (Mo. banc 2012) ). If there is no final judgment, we must dismiss the appeal. Basta , 410 S.W.3d at 746.
Defense counsel voluntarily dismissed Buckner's post-conviction motion for DNA testing without prejudice pursuant *265 to Rule 67.02. Rule 67.02 allows plaintiffs to dismiss a civil action, without order of the court, any time prior to the introduction of evidence in cases tried without a jury. "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." A.L. v. Peeler , 969 S.W.2d 262, 265 (Mo. App. 1998). An exception to this rule is where "a dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided." Id. Another exception is "where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." Id. Outside of these exceptions, "a dismissal without prejudice that a plaintiff may cure by filing another suit in the same court is not a final judgment from which an appeal may be taken." Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4 (Mo. banc 1997).
In this case, the voluntary dismissal without prejudice did not decide the merits of the action. Nicholson v. Surrey Vacation Resorts, Inc. , 463 S.W.3d 358, 365 (Mo. App. 2015). Buckner could cure the voluntary dismissal without prejudice by filing another post-conviction motion for DNA testing in the same court. Therefore, the voluntary dismissal without prejudice was not a final judgment from which an appeal could be taken.
Moreover, although denominated a "judgment," the June 20, 2017 "Order/Judgment" also was not a final judgment from which an appeal could be taken. "It is the content, substance, and effect of the order that determines finality and appealability." Basta , 410 S.W.3d at 747 (quoting Gibson , 952 S.W.2d at 244 ). The "Order/Judgment" merely stated that: (1) the only issue pending in the case, Buckner's post-conviction motion for DNA testing, was voluntarily dismissed and, therefore, the case was closed; and (2) all of Buckner's motions and requests filed after the case was voluntarily dismissed were denied. The "Order/Judgment" did not preclude Buckner from filing another post-conviction motion for DNA testing in the same court.
Additionally, the "Order/Judgment" could not be considered an appealable "special order after final judgment in the cause" pursuant to Section 512.020(5). "The phrase 'any special order after final judgment in the cause' refers to 'the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.' " Peeler , 969 S.W.2d at 265 (citation omitted). Because it followed a voluntary dismissal without prejudice and not a "final judgment in the cause," the "Order/Judgment" was not an appealable special order. See id.
CONCLUSION
Finding no final appealable judgment in this case, we dismiss Buckner's appeal.
All Concur.

Buckner titled his motion, "Motion for Reconsideration of Post-Conviction Motion for Forensic DNA Testing Not Available at Trial," and appeared to be seeking a reconsideration of the court's 2005 denial of a post-conviction motion for DNA testing that he had filed in 2004. Although Buckner titled his March 2015 motion as a motion for reconsideration, the court construed the motion as another post-conviction motion for DNA testing.

All statutory references are to the Revised Statutes of Missouri 2016.