

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. JENNIFER HENDERSON,    )     *Opinion issued February 13, 2019*
)
                   Relator,    )
)
v.                                    )     No. SC96865
)
THE HONORABLE JODIE ASEL,        )
)
                Respondent.    )

## ORIGINAL PROCEEDING IN MANDAMUS

Relator, Jennifer Henderson ("Henderson"), petitions this Court for a writ of mandamus directing Respondent, the Honorable Jodie Asel ("Respondent"), to enter a judgment in Henderson's case against the Business Loop Community Improvement District, Tom May, and Carrie Gartner ("Defendants"). This Court has the authority to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. The preliminary writ of mandamus is now made permanent, and Respondent is directed to enter a judgment disposing of Henderson's claims.

## BACKGROUND

Henderson filed suit against Defendants in the Boone County circuit court, asserting various claims contesting the results of a sales tax election under the

Community Improvement District Act ("CID Act").  *See* § 67.1400 *et seq.*[1]  Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing the CID Act did not create the right to challenge a CID sales tax election.  After a contested hearing, Respondent entered an order sustaining the motion to dismiss, finding the circuit court did not have subject matter jurisdiction.  The docket entry for the order (hereinafter, the "Dismissal Order") was titled "Order by Judge Jodie Asel Granting Business Loop CID's Motion to Dismiss."  The order taxed costs to Henderson.  It stated, "Cause is dismissed in its entirety without prejudice" and was signed "JCA/IV."

Henderson filed a motion to reconsider.  Before Respondent ruled on this motion, Henderson petitioned the court of appeals and, in turn, this Court, for a writ of prohibition.  Both petitions were denied.  Henderson then filed a motion in the circuit court for Respondent to denominate the Dismissal Order a "judgment" so she could appeal.  That motion was overruled.

Thereafter, Henderson filed a notice of appeal seeking to appeal the Dismissal Order to this Court.  She asserted this Court had exclusive appellate jurisdiction under article V, section 3 of the Missouri Constitution because the case involved the validity of a Missouri statute.  This Court dismissed her appeal for want of an appealable judgment.  *Henderson v. Bus. Loop Cmty. Improvement Dist.*, No. SC95926 (Mo. banc Dec. 20, 2016).

---

[1]  Unless otherwise stated, all statutory references are to RSMo Supp. 2014.

Citing this Court's decision to dismiss her appeal, Henderson again filed a motion in the circuit court seeking to have Respondent denominate the Dismissal Order a "judgment." Respondent again overruled the motion. Henderson then petitioned the court of appeals for a writ directing Respondent to denominate the Dismissal Order a "judgment," but this petition was denied. Henderson now petitions this Court for the same relief. This Court issued a preliminary writ of mandamus and now makes this writ permanent and orders Respondent to enter a judgment disposing of Henderson's claims.

## ANALYSIS

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Cos., Inc. v. City of Kan. City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "The writ can only be issued to compel a party to act when it was [her] duty to act without it." *Id.* at 166. "A litigant asking relief by mandamus must allege and prove that [s]he has a clear, unequivocal, specific right to a thing claimed." *Id.* This Court will not issue a remedial writ in cases wherein adequate relief can be afforded through an appeal. Rule 84.22(a).

There is persistent confusion surrounding the issues of what a judgment is, what form it takes, and when it is entered. The first, and most important, of these issues is definitional: a judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim. *Cf.* Rule 74.01. If a judgment resolves all claims by and against all parties, or it resolves the last such claim and some (but not all) claims have been resolved

3

previously,[2] it is commonly referred to as a "final judgment." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. banc 2016).

Judgments are a subset of orders generally. Rule 74.02. As a result, a judgment must be in writing. Rule 74.01(a). In addition, because the foregoing definition of judgment depends upon the court's purpose and intent, a judgment must be denominated "judgment" and signed by the judge[3] to avoid any confusion about whether the court intended to enter a judgment.[4] *Id.* Finally, because numerous timetables are or may be triggered by the entry of a judgment, *see, e.g.,* Rules 71.05, 72.01(b), and 78.04, a judgment is "entered" when the writing denominated a judgment is signed by the judge and filed. Rule 74.01(a).

---

[2] A judgment may dispose of fewer than all claims against all parties. Rule 74.01(b). Such a judgment is final for purposes of appeal if it disposes of at least one judicial unit and the circuit court expressly finds there is no just reason for delay. *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801-02 (Mo. banc 2012). Otherwise, when a judgment is entered in the case disposing of the last claim, that becomes the "final judgment" for purposes of appeal and it "necessarily incorporates all prior orders or judgments that adjudicated some – but fewer than all – of the claims and the rights and liabilities of all the parties." *ConocoPhillips Co.*, 493 S.W.3d at 401. "This is so regardless of whether such incorporation is addressed explicitly (or implicitly) in the final judgment itself." *Id.*

[3] "Signature of judicial officer" means by "an original signature, stamped signature, or an electronic graphic representation of a signature." Rule 41.08(a).

[4] Rule 74.01(a) allows a judgment to be denominated by either the word "judgment" or "decree." However, in this case (and, most likely, in all cases), the judgment should be denominated "judgment." "Decree" historically referred to "decrees in equity" and has become an anachronism. *See Decree*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("The chief differences between decrees in equity and judgments at common law are as follows: The former are pronounced by courts of equity; the latter, by courts of law.").

There is no doubt the Dismissal Order was intended to resolve all of Henderson's claims against all Defendants.[5] Accordingly, it was a judgment and must be denominated as such. Respondent has no discretion to resolve claims other than by judgment, and a writ of mandamus is an appropriate remedy to compel Respondent to sign and file a judgment, denominated as such, resolving Henderson's claims.

This analysis is not affected by whether the circuit court intends or understands the judgment to be "with prejudice" or "without prejudice." That distinction may affect whether a judgment is (or is not) appealable,[6] and whether it does (or does not) preclude a subsequent suit asserting the same claim, *see, e.g.,* Rules 67.01, 67.03, and 67.06, but it has no effect whatsoever on whether a particular writing is a judgment under the definition set forth above. And, if a writing is a judgment under that definition, the

---

[5] Motions to dismiss, including motions asserting a lack of subject matter jurisdiction, are the subject of Rule 67.03 and 67.06. The former does not use the word judgment but, because a "dismissal" is a complete resolution of a claim (albeit a procedural one), it is – by definition – a judgment. This is reinforced by Rule 67.06, which provides that, if a court determines a motion to dismiss should be sustained, leave to amend should be freely granted to avoid dismissal if an amendment can cure the defect. If no amendment is filed, either because the defect cannot be cured by amendment or because the time to amend has expired without amendment, Rule 67.06 requires that a "judgment of dismissal" be entered.

[6] This Court "occasionally has referred to a 'general rule that a dismissal without prejudice is not a final judgment and, therefore, is not appealable.'" *Naylor Senior Citizens Hous., LP v. Sides Constr. Co., Inc.*, 423 S.W.3d 238, 242 (Mo. banc 2014) (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997)). "It is unclear to what extent, if any, this 'general rule' ever was followed. *Id.* at 243. "Over time, however, exceptions seemed to have swallowed all or nearly all of whatever rule once might have existed." *Id.* Where, as here, the effect of the dismissal is to resolve plaintiff's claim and not merely the pleading of that claim, "the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). This conclusion dovetails nicely with the procedure set forth in Rules 67.03 and 67.06, as discussed in the preceding footnote.

5

question of whether it is "with prejudice" or "without prejudice" does not change the court's obligation to denominate that writing a judgment and to sign and file it as such.

## CONCLUSION

For the reasons set forth above, the preliminary writ of mandamus is made permanent. If the circuit court is still convinced all of Henderson's claims against all the Defendants should be dismissed for lack of subject matter jurisdiction, Respondent is directed to sign and file a judgment, denominated as such, to that effect.[7]

_____

Paul C. Wilson, Judge

All concur.

---

[7] To be clear, the Court neither offers nor holds any views as to either the merits of Henderson's underlying claims or the circuit court's conclusion that it lacks subject matter jurisdiction to hear and determine those claims.