

# Missouri Court of Appeals
## Southern District
### Division One

| | | |
|---|---|---|
| EMERALD POINTE, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35733 |
| | ) | |
| TANEY COUNTY PLANNING | ) | Filed July 1, 2019 |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura J. Johnson

REVERSED AND REMANDED WITH DIRECTIONS

Emerald Pointe, LLC ("Emerald Pointe"), is the developer of Emerald Pointe subdivision (the "subdivision") located in Taney County. It appeals the trial court's judgment dismissing its petition (the "petition") challenging the Taney County Board of Adjustment's (the "Board") denial of its appeal of the Taney County Planning Commission's (the "Commission") issuance of a stop work order (the "Stop Work Order"). Determining that the petition states a claim for relief under section 64.870.2, we reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.[1]

---

[1] All statutory references are to RSMo Supp. 2016.

**Standard of Review**

> A judgment sustaining a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed de novo. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 161–62 (Mo. banc 2016). "A motion to dismiss for failure to state a claim" is solely a test of "the adequacy of a plaintiff's petition." *Id.* at 162. Exhibits attached to the petition are reviewed as part of the petition. Rule 55.12. The facts alleged in the petition are assumed to be true, and all reasonable inferences are liberally construed in favor of the plaintiff. *Avery*, 492 S.W.3d at 162. "[T]he petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993).

*Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 797–98 (Mo. banc 2017). "A judgment of dismissal will be affirmed if it is supported by any ground raised in the motion to dismiss." *Avery*, 492 S.W.3d at 162 (citing *Dujakovich v. Carnahan*, 370 S.W.3d 574, 577 (Mo. banc 2012)).

**Factual and Procedural Background**[2]

The Commission issued the Stop Work Order on September 21, 2016. It ordered Emerald Pointe to immediately cease all ongoing road construction activities within the subdivision. On December 21, 2016, Emerald Pointe timely filed with the Board its application for appeal of the Stop Work Order. The Board, on April 19, 2017, denied Emerald Pointe's appeal.

Emerald Pointe filed the petition in the Circuit Court of Taney County on May 18, 2017. The petition named the Board, the Commission, and the individual members of each entity in their "official capacity only" as defendants (the "Defendants"). The petition is entitled "Petition for Declaratory Judgment and Injunctive Relief." It initially contains 56 paragraphs following

---

[2] In accordance with our standard of review, the factual background is drawn from the allegations in the petition, which we assume for purposes of this appeal are true. *Smith*, 519 S.W.3d at 798. While this case has an extensive procedural background, we recite only those procedural events that are pertinent to the issue addressed and resolved in this opinion.

the subheading "Allegations Common to all Counts." It thereafter sets forth four more subheadings, each with additional paragraphs, denominated as counts: Count I is entitled "Preliminary Injunction to Stop Enforcement of Stop Work Order (Rule 92.02 and § 526.030 et seq. R.S.Mo.)"; Count II is entitled "Declaratory Judgment (Private Roads and Gated Community) (Pursuant to § 527.010 R.S.Mo.)"; Count III is entitled "Declaratory Judgment (Illegal, Retroactive Application of Road Standards)"; and Count IV is entitled "Declaratory Judgment (Violation of Procedure [sic] and Substantive Due Process Under Missouri and United States Constitution)."[3]

The Defendants thereafter filed a motion to dismiss the petition, claiming that "Plaintiff's Petition should be dismissed with prejudice because it failed to file a petition in certiorari within 30 days of the challenged decision."[4] In their suggestions in support of their motion and this particular claim, Defendants argued that Emerald Pointe's exclusive remedy for review of the Board's decision denying its appeal was by filing a petition in certiorari under section 64.870.2 within thirty days of the Board's decision. Defendants contended:

> Here, [Emerald Pointe] failed to file a petition for certiorari, and instead attempted an end run around § 64.870 because it desired relief that was not available under the law. While a reviewing court addressing a petition for certiorari may affirm, reverse or modify the underlying decision under § 64.870, there is no provision for granting an injunction or declaratory judgment, nor does it provide for an award of costs.

Essentially conceding that section 64.870 provided its exclusive remedy for challenging the Board's decision and that a petition under section 64.870 had to be filed within thirty days after

---

[3] All counts begin with a paragraph that "adopts by reference" all other paragraphs in the petition.
[4] In their motion to dismiss, Defendants asserted two additional grounds for dismissal. The trial court did not mention, address or rely upon either of these additional grounds in its judgment dismissing the petition. Moreover, in their brief on appeal, Defendants do not mention either of these grounds or advance any argument that the trial court's judgment is correct based upon either ground. Defendants, apparently therefore, have abandoned these grounds as any basis upon which the trial court's dismissal judgment should be affirmed.

3

the Board's denial of its appeal, Emerald Pointe argued to the trial court that the petition, which was filed within that time, stated a claim for relief under section 64.870.

In response to Defendants' motion to dismiss, the trial court entered its judgment dismissing the petition on two bases. First,

> the Petition fails to meet the requirements of Section 64.870 in several significant respects. In fact, it is clear from the Petition that [Emerald Pointe] had no intention of complying with Section 64.870. For example, the Petition never mentions Section 64.870 and the counts are clearly and expressly brought pursuant to the statutes on injunctive and declaratory relief. Furthermore, the relief sought in the Petition is not relief allowed by Section 64.870. Section 64.870 authorizes the Court only to reverse, affirm or modify the decision brought up for review. It does not authorize either injunctive or declaratory relief. The fact that the Petition filed in this case is not remotely similar to a petition for writ of certiorari allowed by Section 64.870 causes the Court to conclude that it should not be construed to be a petition under Section 64.870.

Second, the trial court determined that

> even if the Court construed [Emerald Pointe's] Petition to comply with Section 64.870, it must still dismiss the Petition. The injunctive and declaratory relief sought by [Emerald Pointe] is not contemplated by the statute. Furthermore, Missouri cases hold that the Court does not have subject matter jurisdiction over [Emerald Point's] claims for declaratory relief.

Emerald Pointe timely appeals the trial court's dismissal judgment. Its first point relied on is meritorious and dispositive.

## **Discussion**

In its first point relied on, Emerald Pointe contends that the trial court erred in dismissing the petition because it meets the elemental requirements for a petition under section 64.870.2. We agree.

Our *de novo*, "almost academic" review of the petition, *see* **Smith**, 519 S.W.3d at 798, begins with section 64.870.2, which provides, in relevant part, that

> [a]ny owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment . . . , may present to the circuit court of the county in which the property affected is located, a petition,

4

duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment . . . , of the action taken and data and records acted upon, and may appoint a referee to take additional evidence in the case. The court may reverse or affirm or may modify the decision brought up for review.

The plain and ordinary words of this statute require that a petition filed in circuit court seeking judicial review of a decision of a board of adjustment must (1) be verified, (2) state that the decision is illegal in whole or part, (3) specify the grounds of the illegality, and (4) ask for relief therefrom.[5] We now turn to the allegations in the petition to determine if they meet these requirements.

The petition is verified, so the first section 64.870.2 requirement is satisfied.

The petition satisfies the second section 64.870.2 requirement—state that the decision is illegal in whole or part. Paragraph 62 of the petition alleges the Stop Work Order is "illegal." Paragraphs 67, 68, and 72 allege the Stop Work Order is "illegal, unenforceable and an arbitrary and capricious act of [the] Commission[.]" Paragraph 73 alleges that "the Stop Work Order is illegal, unenforceable and an arbitrary and capricious retroactive application of an enacted standard by [the Commission] and [the Board][.]" Paragraph 85 alleges that "the Stop Work Order and [the Board's] denial of [Emerald Pointe's] Appeal of the same were illegal, unconstitutional, and unenforceable acts[.]"

The third section 64.870.2 requirement—specify the grounds of the illegality—is also satisfied in the petition. Paragraphs 67(d)-(f) of the petition allege three reasons why the Stop Work Order is illegal:

_____

[5] For purposes of this appeal, we accept as true the petition's allegations that Emerald Pointe is the developer of the subdivision, that the subdivision is located in Taney County, and that the Stop Work Order affects Emerald Pointe because "it stops and prevents [Emerald Pointe] from completing construction and paving of private streets" in the subdivision. Liberally construing these allegations, as we must, reasonable inferences can be drawn therefrom that Emerald Pointe is a tenant of the subdivision land in Taney County and that, as such, it is aggrieved by the Board's decision denying its appeal of the Stop Work Order.

5

d. The streets within [the subdivision] are private streets in "a gated or private community" within the meaning of Taney County Road Standard Section 14 such that they are not required to be constructed to the same design requirements and specifications as public improvements;

e. The Taney County Road Standards for grading, slope and construction are not applicable to the private streets in [the subdivision] because as stated in the Final Plat "All streets as shown [in Phase 12] are not dedicated to the public and shall be private"; and

f. The Taney County Road Standards for grading, slope and construction are not applicable to the private streets in [the subdivision] because as stated in the Final Plat "The County or local authorities shall assume no responsibility for improvement of maintenance thereof."

Paragraphs 67(e)-(j) allege six reasons why the Stop Work Order and the Board's denial of

Emerald Pointe's appeal of that order are illegal:

e. The Road Standards that [the Commission] and [the Board] are imposing on [Emerald Pointe] were created on July 16, 2009 after the Final Plat of [the subdivision] was approved and [the subdivision] was in existence as of September 18, 2008;

f. The Stop Work Order is incorrectly based upon [the Commission's] interpretation that the Taney County Road Standard requirement for maximum grade of 15% stated in Section 7 of Section 3 applies to the private streets in [the subdivision];

g. The Stop Work Order is incorrectly based upon [the Commission's] interpretation that the Taney County Road Standard requirements of 5" minimum compact aggregate base course, 3" plant mix aggregate base course and 2" minimum plant mix bituminous pavement as stated in Table 3.9 apply to the private streets in [the subdivision];

h. The Stop Work Order is incorrectly based upon a requirement that [Emerald Pointe] is required to submit Engineering Construction Plans for the private streets and storm sewers in [the subdivision] to the Taney County Road and Bridge Department for review and approval;

i. The Stop Work order is incorrectly based upon a requirement that [Emerald Pointe] is required to submit an Itemized Cost Estimate for the private streets and storm sewers in [the subdivision] to [the Commission] for review and approval; and

j. The subsequently enacted Road Standards do not apply to [the subdivision].

6

Paragraphs 80 through 83 allege that the Board's denial of Emerald Pointe's appeal of the Stop Work Order was illegal because the Board "provided [Emerald Pointe] no prehearing notice before April 19, 2017 of the acceptance as evidence the written submissions described herein or that Defendants intended to rely upon such evidence at such hearing[,]" "provided [Emerald Pointe] no opportunity to cross examine any witnesses at the April 19, 2017 hearing[,]" "provided [Emerald Pointe] no opportunity to present rebuttal evidence to the written submission it received and provided no notice[,]" and "considered and relied upon evidence unrelated to Phase 12 [of the subdivision] in voting to deny [Emerald Pointe's] Appeal of the Stop Work Order."

The fourth and final section 64.870 requirement—"asking for relief therefrom"—is also satisfied in the petition. Paragraphs 67 and 72 of the petition commence with "[Emerald Pointe] requests that this Court declare the Stop Work order to be illegal[.]" The prayers in Counts II and III of the petition commence with: "Plaintiff prays the Court to declare, try, ascertain, and determine that the Stop Work Order dated September 21, 2016 be declared illegal, unenforceable, and an arbitrary and capricious act of [the Commission]." The prayer to Count IV commences with: "Plaintiff prays the Court to declare, try, ascertain and determine that the Stop Work Order dated September 21, 2016 and the denial of [Emerald Pointe's] appeal of the same [to the Board] be declared illegal[.]" Liberally construing these statements in the petition in favor of Emerald Pointe, as we must, *see Smith*, 519 S.W.3d at 798, Emerald Pointe's petition asked for relief from the Commission's Stop Work Order and the Board's denial of Emerald Pointe's appeal of that order.

7

Having determined that the petition meets and satisfies all the requirements for a petition under section 64.870.2,[6] we now turn to the trial court's findings and Defendant's arguments otherwise. The trial court determined in its judgment that the petition failed to comply with section 64.870 in five respects: (1) "it is clear from the petition that [Emerald Pointe] had no intention of complying with section 64.870," (2) "the petition never mentions section 64.870," (3) the petition "is not remotely similar to a petition for writ of certiorari allowed by section 64.870," (4) the "counts are clearly and expressly brought pursuant to the statutes on injunctive and declaratory relief[,]" and (5) "the relief sought in the petition is not relief allowed by section 64.870." Similar to (4) and (5), the trial court additionally determined that "even if the Court construed [the petition] to comply with Section 64.870, it must still dismiss [it]" because "the injunctive and declaratory relief sought by [Emerald Pointe] is not contemplated by the statute . . . and the Court does not have subject matter jurisdiction over [Emerald Point's] claims for declaratory relief."

As to Emerald Point's intent in preparing and filing the petition, both the trial court's judgment and Defendant's brief on appeal omit citation to any legal authority that a claimant's intent is a relevant consideration as to whether that claimant's pleading states a claim for relief. It is not. A motion to dismiss for failure to state a claim is solely a test of the adequacy of the petition, including its exhibits, if any, to determine if the facts alleged meet the elements of a recognized cause of action.[7] *Smith*, 519 S.W.3d at 797-98. Nothing in that test calls for any consideration of the claimant's subjective intent in drafting or filing the petition.

---

[6] As Emerald Pointe's reply brief correctly observes, Defendant's responding brief contains no response to Emerald Pointe's showing in its initial brief that the petition complied with the requirements of section 64.870.2.

[7] As noted in *Smith*, that test also includes whether "the facts alleged meet the elements . . . of a cause [of action] that might be adopted in that case." *Id.* Because that scenario is not at issue in this case, we omit it from our discussion.

Similarly, neither the trial court's judgment nor Defendant's brief on appeal cite to any legal authority that requires mention or recitation in a petition of the particular statute, by either title or number, in order to state a claim under that statute. While, as a practical matter, such a recitation may be extremely helpful to the parties and the court in procedurally processing and considering the merits of the case and may assist in minimizing errors in such processing and consideration, it is, nevertheless, not required in order to determine if the facts alleged in the petition meet the elements of a recognized cause of action. *See **id***.

The trial court's third expressed reason—the petition "is not remotely similar to a petition for writ of certiorari allowed by section 64.870"—also lacks merit. Neither the trial court in its judgment nor Defendants in their brief on appeal make any attempt to describe the contents or elements of the hypothesized "petition for writ of certiorari allowed by section 64.870" to which the petition here is compared and found lacking. Because the *sole* test of the adequacy of a petition is to determine if the facts alleged meet the elements of a recognized cause of action, ***id.***, any comparison of the petition to something other than the elements of that cause of action is irrelevant.

All of the remaining asserted reasons are directed toward the effect of the references and prayers for relief in the petition specifically directed toward injunctive and declaratory relief. Defendants contend that because Emerald Pointe sought injunctive and declaratory relief in the petition, which relief is not available to them because section 64.870 review is its exclusive remedy, relying on ***Gash v. Lafayette Cnty.***, 245 S.W.3d 229, 234 (Mo. banc 2008), the petition cannot otherwise state a claim under section 64.870.2. In their brief in support of this contention, Defendants quote from ***Deffenbaugh Indus., Inc. v. Potts***, 802 S.W.2d 520 (Mo.App. 1990), for the proposition that "in a statutory proceeding for judicial review of a final administrative

9

decision, pleadings for declaratory judgment and injunction are anomalous—and a judgment entered upon them, *coram non judice* and void." *Id.* at 522. Defendants' reliance upon this proposition to support their contention, however, is misplaced, and *Deffenbaugh* demonstrates the flaw in their analysis.

The court in *Deffenbaugh* was confronted with a "pleading that compounded the petition for review with two separate counts for declaratory judgment." *Id.* at 521. The court determined that

> [t]he relief sought by the combination of counts was not only the judicial review of the administrative decision to deny the application for the special use permit, but for a declaration that the sanitary landfill operated by Deffenbaugh was a permitted nonconforming use under the zoning ordinances of the city so that the provisions of the city zoning ordinance prohibiting the operation of the landfill without a special use permit were invalid and unenforceable, and for a declaration that the city was without power to deny a special use permit to Deffenbaugh, a licensee approved by the State of Missouri under §§ 260.200 et seq.

*Id.* The trial court entered a judgment that adjudicated in turn Deffenbaugh's petition for review and for declaratory judgment, deciding both claims adverse to him. *Id.* In Deffenbaugh's appeal of that judgment, the Western District of our court affirmed the judgment as to judicial review of the administrative decision, but because the trial court did not have authority to consider declaratory judgment claims, set aside the judgment denying declaratory relief and dismissed the petition as to those declaratory claims for relief. *Id.* at 531.

*Deffenbaugh* teaches that while declaratory claims for relief are superfluous to a contemporaneous claim for judicial review and should be dismissed, the assertion of such claims do not negate the claim for judicial review. Here, as in *Deffenbaugh*, Emerald Pointe's references and prayers for relief in the petition directed specifically and exclusively toward injunctive and declaratory relief are superfluous to its stated claim for judicial review but do not negate that claim.

10

Emerald Pointe's first point is granted.[8]

## **Decision**[9]

The trial court's judgment dismissing Emerald Pointe's petition for failure to state a claim under section 64.870.2 is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

[8] Because our resolution of this point is dispositive of this appeal, we need not consider Emerald Pointe's alternative second point relied on.

[9] Defendants assert in their brief that we should, nevertheless, affirm the trial court's judgment because the trial court "properly exercised its discretion to dismiss [the petition] for failure to timely file the administrative record." This ground for dismissal was not raised in Defendant's motion to dismiss and was not mentioned by the trial court in its dismissal judgment. Indeed, because the trial court expressly dismissed the petition for failure to state a section 64.870.2 claim for relief and its inclusion of claims for injunctive and declaratory relief, the record is clear that the trial court never reached nor decided whether the administrative record was timely filed.