

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DANIEL L. TAYLOR,                    )

                              )

             **Appellant,**  )

**v.**                          )     **WD83238**

                              )

                              )     **OPINION FILED:**

THE CURATORS OF THE      )     **June 2, 2020**

UNIVERSITY OF MISSOURI,    )

                              )

            **Respondent.**  )

### Appeal from the Circuit Court of Boone County, Missouri
### The Honorable J. Hasbrouck Jacobs, Judge

**Before Division Two:** Mark D. Pfeiffer, Presiding Judge, and
Alok Ahuja and Gary D. Witt, Judges

This appeal presents a procedural scenario in which the second count in a lawsuit relating to one "claim" was dismissed by the Circuit Court of Boone County, Missouri ("trial court"). Because the trial court's ruling does not qualify as a "final judgment" pursuant to section 512.020(5),[1] *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137 (Mo. banc Jan. 14, 2020), we are required to dismiss the appeal.

---

[1] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

**Factual and Procedural Background**[2]

The Curators of the University of Missouri ("Curators") is the governing body of the University of Missouri, which operates University Hospital ("Hospital") in Columbia, Missouri. In 2014, the Hospital provided medical care to Mr. Daniel L. Taylor ("Taylor") following a farming accident, which resulted in the amputation of Taylor's left hand. At the time the Hospital provided services to Taylor, he was uninsured. Taylor agreed to be personally responsible for the medical billing since he did not have any health insurance. When Taylor did not pay his medical bills, Curators asserted a hospital lien in the amount of $134,661.64.

In 2015, Taylor entered into a settlement agreement with his employer's farm liability insurer in the amount of $1,005,000. The liability insurer withheld $134,661.64 from the settlement amount to satisfy the hospital lien. In 2016, Curators filed suit against the liability insurer to foreclose the lien, resulting in the liability insurer paying the full amount of the hospital lien to Curators.

In 2018, Taylor filed suit against Curators, alleging that the Hospital represented on its "Financial Assistance" website that Hospital charges for uninsured patients were "automatically discounted" 60% and physician charges were "automatically discounted" 25%. He contended that because he was uninsured when he was admitted to the Hospital in 2014, the Hospital should have applied this "uninsured discount policy" to the amount of the medical billing. Taylor alleged that Curators' receipt of $134,661.64 from the insurer was an "overpayment" of $75,082.53.

Subsequently, Taylor filed a Second Amended Petition containing two counts. In Count I, Taylor alleged that Curators "refused to honor the 'Uninsured Patient Discount' and refused to

---

[2] In reviewing a judgment granting a motion to dismiss with prejudice, "[w]e assume all facts alleged in the petition are true and liberally construe all reasonable inferences in favor of the plaintiff." *Williams v. Bayer Corp.*, 541 S.W.3d 594, 599 (Mo. App. W.D. 2017) (citing *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. banc 2017)).

reduce the medical billing to [Taylor], thereby breaching the contractual relationship entered in by [Taylor] and [Curators]." He alleged that Curators' suit against the liability insurer "for payment of its full hospital lien" was "in violation of the contractual agreement." He further alleged that "[a]s a result of the overpayment, [Curators] breached its contract with [Taylor] to accept discounted payment because of [Taylor's] uninsured status and [Taylor] is thereby damaged in the same amount as the overpayment and for attorney's fees."

In Count II, Taylor incorporated by reference the allegations in Count I and repeated allegations regarding the hospital lien relating to Curators' effort to successfully obtain the full amount of the hospital lien in violation of its automatic deduction agreement with its uninsured patients. In this count, however, Taylor sought a different remedy for the Curators' alleged misdeeds, alleging that the actions of Curators were a violation of the Missouri Merchandising Practices Act ("MMPA") due to the Curators' "misrepresentation, unfair practices, and suppression in that the asserted lien was for the full amount of the medical billing and did not include the required automatic discount for an uninsured patient." Taylor sought all statutorily authorized damages for the alleged MMPA violation by Curators.

Curators filed a motion to dismiss Taylor's Second Amended Petition. Curators argued that Count I for breach of contract should be dismissed because Taylor failed to plead sufficient facts to show that he entered into a contract with Curators for a discount in his medical bills. Curators argued that Count II should be dismissed because Taylor failed to plead facts establishing that an exception to sovereign immunity applied that would subject Curators to liability under the MMPA. The trial court issued a judgment of dismissal as to Count II only and purported to certify its ruling as "final" and immediately appealable pursuant to Rule 74.01(b).[3]

---

[3] All rule references are to I MISSOURI COURT RULES – STATE 2019.

Taylor appealed from the judgment of dismissal, asserting trial court error in its application of sovereign immunity and in its statutory interpretation of the MMPA. Curators filed a Motion to Dismiss Interlocutory Appeal, alleging that the trial court's partial dismissal did not qualify as a "final judgment" subject to interlocutory appeal. For the reasons hereinafter explained, we grant Curator's motion and dismiss Taylor's appeal for lack of a final judgment.

**Analysis**

Recently, the Missouri Supreme Court in *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137 (Mo. banc Jan. 14, 2020), clarified the analysis of what trial court rulings constitute "judgments" and, of those rulings, which are "final" for purposes of appeal.[4] "'The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists.'" *Id*. at *3 (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). The statute pertinent to this case is section 512.020(5), which provides, in relevant part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:
>
> . . . .
>
> (5) **Final judgment** in the case or from any special order after final judgment in the cause . . . .

(Emphasis added.) For purposes of section 512.020(5), a "final judgment" must satisfy two criteria: (1) "it must be a judgment (*i.e.*, it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)"; *and* (2) "it must be

---

[4] "[T]he question of whether a judgment is eligible for certification under Rule 74.01(b) is a question of law on which the circuit court has no discretion; only the question of whether an eligible judgment should be certified under Rule 74.01(b) is left to the sound exercise of the circuit court's discretion." *Wilson*, 2020 WL 203137, at *5.

'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson*, 2020 WL 203137, at *5. As to the second step in the "final judgment" analysis:

> A judgment is eligible to be certified under Rule 74.01(b) only if it disposes of a "judicial unit" of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court.

*Id.*

*Wilson* instructs us that the "final judgment" analysis is a *conjunctive* two-step analysis and *not* a *disjunctive* analysis. An appellant must have *both* a judgment *and* finality in order to appeal pursuant to section 512.020(5).[5]

Here, Taylor appeals from the trial court's purported judgment, dismissing with prejudice Count II (MMPA claim) of Taylor's Second Amended Petition against Curators and certifying the judgment under Rule 74.01(b) as a final judgment for purposes of appeal. Whether viewed as the failure to resolve a distinct "claim," or as the failure to resolve a distinct "judicial unit," the result is the same: we lack appellate jurisdiction over the circuit court's purported judgment.[6]

*Before* analyzing the second step in the "final judgment" formula (*i.e.*, the trial court's Rule 74.01(b) certification), we must analyze the first step—whether the trial court's dismissal ruling constitutes a "judgment." As our Missouri Supreme Court has observed:

> There is persistent confusion surrounding the issues of what a judgment is, what form it takes, and when it is entered. The first, and most important, of these issues is definitional: a judgment is a legally enforceable judicial order that *fully resolves* at least one **claim** in a lawsuit and establishes *all the rights and liabilities of the parties with respect to that* **claim**.

---

[5] In *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at *8 n.7 (Mo. banc Jan. 14, 2020), the Missouri Supreme Court took care to note that the previous Supreme Court precedent of *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997), was incorrect to the extent that it stated that Rule 74.01(b) was an "exception" to the mandate that only "final judgments" are appealable.

[6] We recognize that there is some confusion in the case law concerning whether the factual overlap between separate legal theories means that the legal theories constitute a single "claim," a single "judicial unit," or both. It is unnecessary for us to resolve that issue here, since Taylor's appeal fails under either analysis.

*State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019) (emphasis added). Taylor argues that the trial court's judgment dismissing Count II is final and appealable because, even though both counts arise from the same set of facts, the remedies asserted in the two counts (breach of contract and MMPA) are different. Taylor's argument is unavailing. "Claims are considered separate if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action." *Wilson*, 2020 WL 203137, at *5 (quoting *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994)). Here, Counts I and II of Taylor's Second Amended Petition, although seeking different remedies, arise from one set of facts, namely:

- the imposition of a hospital lien for Taylor's unpaid medical bills without an "uninsured patient discount" that Taylor alleged was "stated" on the Hospital website;

- Curators' imposition of a hospital lien for the full amount of the medical billing;

- Curators' suit against the insurer to foreclose on the hospital lien;

- Curators' receipt of insurance proceeds to cover the full amount of the hospital lien; and

- Taylor's attempt to recover the alleged "overpayment" of $75,082.53 from Curators.

Consequently, the purported judgment of dismissal of Count II has not "fully resolve[d] at least one claim in a lawsuit" nor "establishe[d] all the rights and liabilities of the parties with respect to that claim." *Wilson*, 2020 WL 203137, at *3. Simply put, then, the trial court's ruling dismissing Count II cannot be designated a "judgment" in the first instance.

Even if the breach of contract and MMPA counts of Taylor's petition are considered different "claims," they constitute part of a single "judicial unit," and therefore would not be certifiable under Rule 74.01(b). *Wilson* explained that, where a dispositive ruling does not wholly resolve all claims brought by or against a particular party, it only involves a discrete "judicial unit"

6

if it "disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Wilson*, 2020 WL 203137, at *5. As explained above, even if the breach of contract and MMPA counts were considered separate "claims," they both arise from the same underlying set of operative facts, and constitute parts of a single "judicial unit."

Accordingly, because the October 9, 2019 judgment is not a "final judgment" subject to certification under Rule 74.01(b), we have no choice but to dismiss this appeal. *Id*. at *1.

## Conclusion

This Court grants Curator's motion to dismiss and dismisses Taylor's appeal for lack of jurisdiction.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Alok Ahuja and Gary D. Witt, Judges, concur.