

# Missouri Court of Appeals

## Southern District

### In Division

EMERALD POINTE, LLC.,       )
                            )
              Appellant,    )
                            )
    vs.                     )   No. SD37630
                            )
TANEY COUNTY PLANNING       )   FILED: February 3, 2023
COMMISSION, TANEY COUNTY BOARD  )
OF ADJUSTMENT,              )
                            )
              Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura Johnson, Judge

**DISMISSED.**

This is the third appeal[1] by Emerald Pointe, LLC ("Emerald Pointe") arising from its petition for writ of certiorari under section 64.870.2[2] against the Taney County Planning Commission (the "Commission") and the Taney County Board of Adjustment (the "Board"). Following the previous two appeals and remands, Emerald Pointe filed, and the circuit court denied, a motion to file an amended petition under Rule 55.33(a)[3] (the "Motion to Amend"). In

---

[1] The previous two appeals were **Emerald Pointe, LLC v. Taney County Planning Commission**, 578 S.W.3d 390 (Mo.App. 2019) ("**Emerald Pointe 1**"), and **Emerald Pointe, LLC v. Taney County Planning Commission**, 621 S.W.3d 188 (Mo.App. 2021) ("**Emerald Pointe 2**").
[2] All Missouri statutory references are to RSMo 2016.
[3] All rule references are to Missouri Court Rules (2022).

its sole point relied on, Emerald Pointe contends that the circuit court erred in denying the Motion to Amend. However, we lack jurisdiction and must dismiss this appeal.

## Factual and Procedural Background

Emerald Pointe is the developer of Emerald Pointe subdivision (the "subdivision") located in Taney County. On September 21, 2016, during the course of work on the subdivision, the Commission entered a stop work order (the "Stop Work Order") against Emerald Pointe. Emerald Pointe appealed the Stop Work Order to the Board, but that appeal was denied.

Emerald Pointe filed a verified petition against the Commission and the Board in circuit court alleging that the Commission's Stop Work Order and the Board's denial of Emerald Pointe's appeal were illegal on various grounds. The circuit court dismissed Emerald Pointe's petition on the basis that it failed to state a claim under section 64.870.2. Emerald Pointe appealed and, in *Emerald Pointe 1*, this Court stated the statute requires that a petition seeking judicial review of a decision of a board of adjustment must "(1) be verified, (2) state that the decision is illegal in whole or part, (3) specify the grounds of the illegality, and (4) ask for relief therefrom." 578 S.W.3d at 394. We concluded that Emerald Pointe's petition satisfied all of these requirements, reversed the dismissal and remanded the case back to the circuit court for further proceedings. *Id.* at 394-98.

On remand, the circuit court held an evidentiary hearing and issued a judgment affirming the Board's decision. Emerald Pointe appealed that judgment in *Emerald Pointe 2.* Ultimately, we reversed the circuit court's judgment with directions "that the cause be remanded back to the Board with directions that the Board grant Emerald Pointe's appeal of the Commission's Stop Work Order."

On May 20, 2021, the circuit court issued a written "Judgment Following Mandate From Missouri Court of Appeals Southern District" (the "2021 Judgment") that stated, in pertinent

2

part, as follows:

> NOW, therefore, the Court DECLARES, FINDS and ORDERS that Judgment in favor of [Emerald Pointe] on its Writ of Certiorari be granted for the reasons stated in the Opinion and Mandate of the Southern District Court of Appeals.
>
> FURTHER, the Court DECLARES, FINDS and ORDERS the Stop Work Order dated September 21, 2016 to be illegal and unauthorized by law for the reasons stated in the Opinion and Mandate of the Court of Appeals.
>
> FURTHER, the Court DECLARES, FINDS and ORDERS that this matter be remanded back to the [Board].
>
> FURTHER, the Court DECLARES, FINDS, ORDERS and DIRECTS that the [Board] grant [Emerald Pointe]'s appeal of the Stop Work Order dated September 21, 2016 issued by the [Commission].

Several months later, on January 28, 2022, Emerald Pointe filed the Motion to Amend. Emerald Pointe sought to add Taney County, Missouri, as a party in the litigation and add a count alleging due process violations under the Fourteenth Amendment to the United States Constitution and title 42 United States Code, section 1983. Emerald Pointe asserted the following bases for these amendments:

> (1) it has only been recently in 2021 that the Stop Work Order was found to be illegal and unauthorized by law thereby giving [Emerald Pointe] the right to seek delay damages; (2) [the 2021 Judgment] is not a final judgment under Missouri Rule 74.01 because it did not resolve [Emerald Pointe]'s claim for attorney fee damages as asserted in Count IV of the original Petition alleging violation of due process rights[]; (3) [Emerald Pointe] has been suffering ongoing and continuing damages to its property and to its rights through the present date due to the issuance of the illegal Stop Work Order; and (4) additional facts and information have been discovered to support the adding of Taney County as a party and the additional claims in the First Amended Petition.

On May 23, 2022, the circuit court entered a written Order (the "2022 Order"), in which it held that "[b]ecause the Court's [2021 Judgment] was a final judgment in the case, this Court no longer has jurisdiction over the case, and [Emerald Pointe]'s Motion [to Amend] is denied."

On July 1, 2022, Emerald Pointe filed the instant appeal.

3

## Appellate Jurisdiction

"[A]n appellate court has a duty to *sua sponte* determine if it has authority to entertain an appeal." ***Hall v. Wal-Mart Stores, Inc.***, 287 S.W.3d 714, 715 (Mo.App. 2009). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." ***First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.***, 515 S.W.3d 219, 221 (Mo. banc 2017) (internal quotation marks omitted).

"[A] judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim." ***State ex rel. Henderson v. Asel***, 566 S.W.3d 596, 598 (Mo. banc 2019). "As used in this definition, the word 'claim' means '(1) a short and plain statement of the facts showing the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled.'" ***Wilson v. City of St. Louis***, 600 S.W.3d 763, 768 n.6 (Mo. banc 2020) (quoting Rule 55.05). "Even if multiple forms of relief are sought with respect to one set of facts, it is still one claim, and an order resolving some prayers for relief and not others does not fully resolve that claim and is not a judgment as defined in [*Asel*, 566 S.W.3d at 598]." ***Id.*** "If a judgment resolves all claims by and against all parties, or it resolves the last such claim and some (but not all) claims have been resolved previously,[] it is commonly referred to as a 'final judgment.'" ***Asel***, 566 S.W.3d at 598.

In its jurisdictional statement, Emerald Pointe asserts that "[the 2022 Order] is a final, appealable judgment because the [c]ircuit [c]ourt held it lacked jurisdiction and therefore denied Emerald Pointe's Motion for Leave to Amend its Petition due to [the 2021 Judgment]." The circuit court, however, did not denominate the 2022 Order as a "judgment" or "decree." *See* Rule 74.01(a). The failure to denominate the 2022 Order as a "judgment" or "decree" presents one barrier to it being a "final judgment" under section 512.020(5). *See **Meadowfresh Solutions***

4

***USA, LLC, v. Maple Grove Farms, LLC***, 578 S.W.3d 758, 762 (Mo. banc 2019) (affirming "the requirement of Rule 74.01(a) in which *actual* judgments . . . and 'final judgments' . . . must be denominated as such so an appeal may be taken").

Presumably, the circuit court did not denominate the 2022 Order as a "judgment" or "decree" in light of its conclusion that the 2021 Judgment is a final judgment. To be a final judgment, the 2021 Judgment would have had to resolve all of or the last of the unresolved claims in Emerald Pointe's petition. *See Asel*, 566 S.W.3d at 598. If there were no remaining claims, the 2022 Order could not be a final judgment, regardless of how it is denominated.

The only other way this Court could have jurisdiction is if the 2022 Order was a "special order after final judgment" under section 512.020(5). If this is the case, the denomination requirements of Rule 74.01(a) would not apply. *See Meadowfresh*, 578 S.W.3d at 762 (holding that an appealable "order" is not a judgment and need not be denominated as such). A "special order" within the meaning of section 512.020(5) refers to "orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." ***State ex rel. Westmoreland v. O'Bannon***, 87 S.W.3d 31, 34 (Mo.App. 2002) (internal quotation marks omitted). "The phrase contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment." *Id.* (internal quotation marks omitted).

Emerald Pointe, however, denies that the 2021 Judgment is a final judgment. Thus, the Motion to Amend was, ostensibly, neither an attempt by Emerald Pointe to enforce the 2021 Judgment, nor an attempt to attack it. Yet, in attempting to add an additional claim and party into the litigation, Emerald Pointe seeks, inevitably, to modify or add to the existing judgment.

Because this issue is intertwined with the merits of the appeal, we must turn to and discuss Emerald Pointe's sole point relied on, which asserts that "[t]he [c]ircuit [c]ourt erred as a matter of law in finding it lacked jurisdiction and thereby denying [the Motion to Amend] because the [2021 Judgment] was not a final judgment under Missouri Rule 74.01(b) and the [c]ircuit [c]ourt retained jurisdiction. . . ."

## Applicable Principles of Review

"Except as authorized by law, a circuit court loses jurisdiction over a case when a judgment becomes final." *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 242 (Mo. banc 2019). "Following divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void." *Id.* (internal quotation marks omitted). However, "[c]ourts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *Lake Thunderbird Property Owners Ass'n, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App. 1984). "Questions of circuit court jurisdiction are solely issues of law and are reviewed *de novo*." *Laughlin v. Abney*, 254 S.W.3d 255, 256 (Mo.App. 2008).

## Discussion

Rule 74.01(b) provides that, in the absence of an express determination that there is no just reason for delay, any order or other form of decision "that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . ."

Here, the crux of Emerald Pointe's argument is that its petition contains a due process claim, that the 2021 Judgment did not resolve this claim, and, therefore, the 2021 Judgment has

6

not terminated the underlying action.[4]  The procedural background of this case, notably ***Emerald Pointe 2***, is dispositive.

"'The doctrine of the law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal.'" ***Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 632 (Mo. banc 2013) (quoting ***Walton v. City of Berkeley***, 223 S.W.3d 126, 128-29 (Mo. banc 2007)).  "The doctrine insures uniformity of decisions, protects the parties' expectations, and promotes judicial economy." ***Id.*** (internal quotation marks omitted).  "Generally the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." ***Walton***, 223 S.W.3d at 129; *see also* ***Soderholm v. Nauman***, 466 S.W.3d 610, 618 (Mo.App. 2015) (stating that "[t]his rule applies to matters decided by the appellate court's opinion, either directly or by implication" (internal quotation marks omitted)).  "[T]he doctrine of the law of the case governs successive appeals involving substantially the same issues and facts, and applies appellate decisions to later proceedings in that case." ***Am. Standard Ins. Co. v. Stinson***, 404 S.W.3d 303, 314 (Mo.App. 2012).

---

[4] Additionally, Emerald Pointe's due process argument encompasses an argument that the circuit court did not resolve Emerald Pointe's prayer for attorney fees under section 536.087.1.  To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief." ***Ruby v. Troupe***, 580 S.W.3d 112, 115 (Mo.App. 2019).  The statute cited by Emerald Pointe provides that "[a] party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding . . . " unless the court or agency finds that certain exceptions are met.  Section 536.087.1.  However, the statutory procedure requires that "[a] party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or *final judgment in a civil action*, submit to the court, agency or commission which rendered the final disposition or judgment an application . . . ."  Section 536.087.3 (emphasis added); *cf.* ***State ex rel. Hilburn v. Staeden***, 62 S.W.3d 58, 61 n.1 (Mo. banc 2001) (holding that "the pendency of the application for attorneys['] fees [under section 536.087] *does not prevent entry of a final judgment*" (emphasis added)), *disagreed with on other grounds by* ***Jefferson County 9-1-1 Dispatch v. Plaggenberg***, 645 S.W.3d 473, 477 n.4 (Mo. banc 2022); section 536.087.4 (permitting appeal from a judgment despite there being a pending application for attorney fees).  Thus, an unresolved prayer for attorney fees under section 536.087 does not prevent entry of a final judgment.  Emerald Pointe nevertheless maintains, however, that its due process claim is unresolved and its prayer for attorney fees is linked to that claim.

Following our remand in ***Emerald Pointe 1***, the circuit court held an evidentiary hearing and, thereafter, issued a judgment denying Emerald Pointe's petition in its entirety, including any alleged due process claim. In ***Emerald Pointe 2***, Emerald Pointe appealed from that judgment, the finality of which is undisputed, and could have raised the denial of any due process claim as an issue to be determined on appeal. However, neither of the two points on appeal contained any such argument. *See* 621 S.W.3d at 190. "'According to the law of the case doctrine, failure to raise points in a prior appeal means that a court later hearing the case need not consider them.'" ***State v. Johnson***, 22 S.W.3d 183, 188-89 (Mo. banc 2000) (*quoting* ***United States v. Kress***, 58 F3d 370, 373 (8th Cir. 1995)). Emerald Pointe offers no reason why it should be excused from its failure to raise, in ***Emerald Pointe 2***, the due process issue that it now contends has yet to be resolved.

Additionally, in the ***Emerald Pointe 2*** opinion, this Court declined to address other issues (that were raised in that appeal), which were not essential to our final disposition. 621 S.W.3d at 190. "'Issues that are not essential to a disposition of the case should not be addressed.'" ***O'Hare v. Permenter***, 113 S.W.3d 287, 289 n.2 (Mo.App. 2003) (quoting ***State v. Kinkead***, 983 S.W.2d 518, 520 (Mo. banc 1998)). Our reversal of the circuit court's judgment ultimately hinged on the claim that the Stop Work Order's requirements were not authorized by law, and we remanded the case back to the Board with directions to grant Emerald Pointe's appeal of the Stop Work Order. *Id.* at 191, 196. Thus, the 2021 Judgment is "final" in that it resolved, by virtue of the application of the law of the case doctrine, the only claim remaining in the case. *See Asel*, 566 S.W.3d at 598. As such, this Court does not have jurisdiction to hear the appeal and it must be dismissed.

Assuming, without deciding, the 2022 Order qualifies as a "special order after final judgment" under section 512.020(5), a timely notice of appeal was required. *See Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005) ("Timely filing of a notice of appeal is jurisdictional."). As relevant here, a notice of appeal "shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final." Rule 81.04(a). "It is the content, substance, and effect of the order that determines the finality and appealability." *Basta v. Kansas City Power & Light Co.,* 410 S.W.3d 743, 747 (Mo.App. 2013) (quoting *Gibson v. Brewer,* 952 W.W. 2d 239, 244 (Mo. banc 1997)). Therefore, if the 2022 Order qualified as a special order after final judgment, it would have become final immediately upon entry based upon its content, substance, and effect. Emerald Pointe's appeal was filed thirty-nine days after the issuance of the 2022 Order, and therefore, is untimely necessitating a dismissal. In either instance, this Court does not have appellate jurisdiction over Emerald Pointe's appeal.

## Decision

Emerald Pointe's appeal is dismissed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R GROWCOCK, J. – CONCURS